69 F.3d 543
 76 A.F.T.R.2d 95-7244, 95-2 USTC P 50,608
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric ASHBY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15792.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1995.*
Decided Oct. 27, 1995.
 
 Before: SNEED, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Eric Ashby appeals the district court's judgment in favor of the United States in which it was determined that Ashby was a responsible person who willfully failed to pay over taxes withheld from employees' wages. See 26 U.S.C. Sec. 6672. We affirm.
 
 
 3
 The question of whether an individual is a responsible person is an intensely factual one. Thus, we review the district court's determination for clear error. See United States v. Jones, 33 F.3d 1137, 1139 (9th Cir.1994); Maggy v. United States, 560 F.2d 1372, 1375 (9th Cir.1977), cert. denied, 439 U.S. 821, 99 S.Ct. 86, 58 L.Ed.2d 112 (1978). "[R]esponsibility is a matter of status, duty, and authority...." Davis v. United States, 961 F.2d 867, 873 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 969, 122 L.Ed.2d 124 (1993). "Authority turns on the scope and nature of an individual's power to determine how the corporation conducts its financial affairs; the duty to ensure that withheld employment taxes are paid over flows from the authority that enables one to do so." Purcell v. United States, 1 F.3d 932, 937 (9th Cir.1993). Other factors to consider are "the individual's duties as outlined in the corporate bylaws, his ability to sign checks, his status as an officer or director, and whether he could hire and fire employees." Jones, 33 F.3d at 1140 (citing Hochstein v. United States, 900 F.2d 543, 547 (2d Cir.1990)).
 
 
 4
 Our review of the record indicates that the district court did not clearly err when it determined that Ashby, president of the corporation during the critical period, had sufficient control over the corporation's finances to make him a responsible person. That is not to say that there was no evidence to the contrary, but the district court resolved the issue against Ashby.
 
 
 5
 Ashby does put great reliance on the fact that the IRS determined that his father, who was not usually physically present, had a controlling role and was a responsible person. That, of course, is in Ashby's favor, but there can be a number of responsible people, and the evidence supports the determination that Ashby was one of them.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3